[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR TEMPORARY RESTRAINING ORDER
The plaintiff, City of New Haven, seeks to enjoin the defendants from proceeding with arbitration hearings, originally scheduled for March 7 and 8, 1991, on any date in the future.
The granting of temporary injunctive relief lies within the court's sound discretion. O'Neill v. Carolina Freight Carriers Corporation, 156 Conn. 613, 618 (1968). To secure such relief, a CT Page 3112 plaintiff must demonstrate not only a likelihood of success on the merits of the claim, but also that it will be subject to imminent and irreparable harm for which there is no adequate remedy at law if the relief is not granted. Berin v. Olson, 183 Conn. 337, 340
(1981); Policeman's and Firemen's Retirement Board v. Sullivan,173 Conn. 1, 12 (1977): Covenant Radio Corp. v. Ten Eighty Corp.,35 Conn. Sup. 1, 3 (1977).
In this case, the plaintiff claims that the City is no longer bound by the arbitration contract with the defendant, Wilson Management Associates, Inc., based on the expiration of the one-year term of that contract. The irreparable injury claim is grounded upon the assertion that unrecoverable expenses will be incurred if the City is forced to proceed with arbitration.
On the basis of the evidence produced at the hearing on this application, the court concludes that the plaintiff has failed to demonstrate the requisite factors for temporary injunctive relief. The plaintiff did not persuade the court of the likelihood of its success on the merits. The evidence presented would indicate, to the contrary, that plaintiff is bound by the Wilson contract, particularly in view of the arbitration provision contained in the construction contract. Further, no irreparable injury was demonstrated which would satisfy the test for temporary injunctive relief, based on applicable case law.
For the foregoing reasons, the application for a temporary restraining order is denied.
Barry R. Schaller, Judge